JOE NEWTON, INC., A NORTH CAROLINA CORPORATION v. R. READ TULL, CHARLES W. TULL, PHYLLIS B. TULL; SUNBELT PROPERTIES, A FLORIDA LIMITED PARTNERSHIP; IDLEWILD LIMITED PARTNERSHIP, A NORTH CAROLINA LIMITED PARTNERSHIP; ALLIED PROPERTIES CORPORATION, A NORTH CAROLINA CORPORATION

No. 8426SC1005

(Filed 18 June 1985)

1. **Rules of Civil Procedure § 56— summary judgment considered before motion to strike answer—failure of general contractor to be licensed—summary judgment proper**

   The trial court did not err by not ruling on plaintiff's motion to strike the answer before considering defendants' motion for summary judgment based on plaintiff's failure to be licensed as a general contractor. Plaintiff waived its right to entry of default by waiting until the answer had been filed before seeking to obtain entry of default; furthermore, even if plaintiff's motion to strike the answer had been allowed before the court considered the motion for summary judgment, defendants would nevertheless have been entitled to proceed with their summary judgment motion because the failure of a general contractor to be licensed is an affirmative defense which may be raised by affidavit. Summary judgment may be granted for a party upon an affirmative defense shown by affidavit before the party files an answer. G.S. 1A-1, Rule 55(a).

**Joe Newton, Inc. v. Tull**

2. **Contracts § 6.1— construction contract with corporation not licensed as general contractor—sole owner licensed—contract not enforceable by corporation**

Summary judgment was properly entered for defendants in an action on a construction contract where plaintiff's president and sole shareholder was individually licensed as a general contractor but plaintiff corporation was not. Defendants did not contract with the individual, defendants would have no right to enforce the contract against the individual, and plaintiff may not enforce the contract or recover in *quantum meruit* against defendants on the basis of the individual's license. G.S. 87-1 *et seq.*

3. **Rules of Civil Procedure § 56.4— affidavit contradicting complaint by party opposing summary judgment—not sufficient**

There was no issue of fact as to whether plaintiff was a general contractor and summary judgment was properly granted for defendants where the affidavit of plaintiff's president and sole stockholder asserted that plaintiff had no authority to control the work or to choose subcontractors and that the portion of its bill for general contracting work as opposed to heating, air conditioning, and electrical work was less than $30,000, and plaintiff had alleged in its complaint that it was employed as a general contractor, that it performed "general contracting services," and that it had furnished materials and labor for which defendants had agreed to pay $90,154. Plaintiff may not create genuine issues of material fact in order to defeat summary judgment by filing affidavits which contradict the judicial admissions of its pleadings. G.S. 87-1.

APPEAL by plaintiff from *Snepp, Judge.* Order entered 13 December 1983 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 7 May 1985.

Plaintiff corporation brought this action to recover $55,054.00, plus interest, allegedly due by reason of a contract for construction of certain renovations at Idlewild Office Park. Plaintiff alleged that in November 1982, it initially entered into a contract with Showcase Services, Inc., who was then the general contractor for the project, and defendant Allied, as agent for the other defendants, to perform duct work and electrical work. According to the complaint, Showcase Services, Inc., was terminated as general contractor and plaintiff corporation was then employed by defendants as "general contractor" in December 1982, to be paid on a "time and materials" basis. Plaintiff alleged that it "performed electrical services, wiring services, and general contracting services" on the project; that under the contract it is entitled to compensation in the amount of $90,154.00, and that defendants have paid plaintiff only $35,100.00. In the alternative, plaintiff sought compensation in *quantum meruit.*

Defendants sought, and were granted, an extension of time to file answer until 6 September 1983. On 19 September 1983, defendants filed an Answer and Counterclaim. Plaintiff had not moved for entry of default before the Answer and Counterclaim was filed, but on 12 October 1983, plaintiff moved that the answer be stricken because it was "untimely" filed. On 31 October 1983 defendants filed a motion for summary judgment which was supported by an affidavit from the custodian of the records of the North Carolina Licensing Board for General Contractors. The affidavit disclosed that plaintiff corporation had never been granted a license to practice general contracting in North Carolina.

In opposition to the motion for summary judgment, plaintiff submitted an affidavit by Mr. Joe Newton, in which he stated that he was the president, sole director and sole shareholder of plaintiff corporation, and that he, individually, was licensed as a general contractor. He further stated, *inter alia*, that he, through the corporation, was employed to do the work, and that the corporation did not actually perform in the capacity of a general contractor. Other affidavits, corroborative of Mr. Newton's, were also submitted.

On 13 December 1983 the trial court, without ruling on plaintiff's motion to strike the answer, entered summary judgment for defendants. Plaintiff appealed.

*Erdman and Boggs, by David C. Boggs and Kevin L. Barnett, for plaintiff appellant.*

*Richard A. Cohan for defendant appellees.*

MARTIN, Judge.

Plaintiff assigns as error (1) the trial court's failure to rule upon plaintiff's motion to strike defendants' answer, and (2) the granting of summary judgment in favor of defendants. We conclude that neither assignment has merit and we affirm the judgment of the trial court.

[1] Initially, plaintiff contends that the trial court erred in not ruling upon its motion to strike the answer before considering defendants' motion for summary judgment. Plaintiff argues that had the trial court allowed the motion to strike the answer, plaintiff would have been entitled to entry of default and defendants

would not have been entitled to proceed with their motion for summary judgment. We find no merit in this argument.

By waiting until answer had been filed before seeking to obtain entry of default, plaintiff waived its rights to entry of default pursuant to G.S. 1A-1, Rule 55(a). Default may not be entered after an answer has been filed, even if the answer is tardily filed. *Peebles v. Moore*, 302 N.C. 351, 275 S.E. 2d 883 (1981). Furthermore, even if plaintiff's motion to strike the answer had been ruled upon and allowed before the trial court considered the motion for summary judgment, defendants would, nonetheless, have been entitled to proceed with their summary judgment motion. The failure of a general contractor to be licensed is an affirmative defense which must be pleaded. *Barrett, Robert & Woods v. Armi*, 59 N.C. App. 134, 296 S.E. 2d 10, *disc. rev. denied*, 307 N.C. 269, 299 S.E. 2d 214 (1982). Such an affirmative defense may be raised for the first time by affidavit for the purpose of ruling on a motion for summary judgment. *Bank v. Gillespie*, 291 N.C. 303, 230 S.E. 2d 375 (1976); *Furniture Industries v. Griggs*, 47 N.C. App. 104, 266 S.E. 2d 702 (1980). Summary judgment may be granted for a party upon an affirmative defense shown by affidavit before the party files answer. *Dickens v. Puryear*, 302 N.C. 437, 276 S.E. 2d 325 (1981). For these reasons, we find no error in the trial court's consideration of defendants' motion for summary judgment before ruling on the plaintiff's motion to strike the tardily filed answer.

[2] Plaintiff also contends that the trial court erred in entering summary judgment for defendants. Plaintiff argues first that since its president and sole shareholder, Joe Newton, was individually licensed as a general contractor pursuant to G.S. 87-1 *et seq.*, his license should inure to the benefit of plaintiff corporation. In *Brady v. Fulghum*, 309 N.C. 580, 308 S.E. 2d 327 (1983), the North Carolina Supreme Court expressly rejected the "substantial compliance" doctrine and ruled "that a contract illegally entered into by an unlicensed general construction contractor is unenforceable by the contractor." *Id.* at 586, 308 S.E. 2d at 331. In the instant case, defendants did not contract with Joe Newton individually; their contract was with plaintiff corporation. Defendants would have no right to enforce that contract against Joe Newton individually. Plaintiff corporation, as an unlicensed contractor, may not enforce the contract against defendants on the

basis of Joe Newton's individual license. *See Allan S. Meade & Assoc. v. McGarry*, 68 N.C. App. 467, 315 S.E. 2d 69 (1984).

Plaintiff also argues that if it is not entitled to payment pursuant to the contract, it should be permitted to recover on the theory of *quantum meruit*. The same rule which prevents an unlicensed contractor from recovering for breach of the construction contract also denies recovery on the theory of *quantum meruit*. *Builders Supply v. Midyette*, 274 N.C. 264, 162 S.E. 2d 507 (1968).

[3] Finally, plaintiff contends that summary judgment was inappropriate because the affidavit of Joe Newton created genuine issues of fact as to whether plaintiff, in fact, acted as a general contractor and whether the cost of the undertaking brought it within the provisions of G.S. 87-1. In the affidavit, Joe Newton asserted that plaintiff had no authority to control the work or to choose subcontractors, and that the portion of plaintiff's bill for "general contracting" work, as opposed to heating, air conditioning and electrical work, was less than the statutory amount, $30,000.00, prescribed in G.S. 87-1. We also find this contention to be without merit. Plaintiff alleged in its complaint that it was employed as a "general contractor," that it performed "general contracting services," and that in accordance with its contract it furnished materials and labor for which defendants agreed to pay the sum of $90,154.00.

> A party is bound by his pleadings and, unless withdrawn, amended, or otherwise altered, the allegations contained in all pleadings ordinarily are conclusive as against the pleader. He cannot subsequently take a position contradictory to his pleadings.

*Davis v. Rigsby*, 261 N.C. 684, 686, 136 S.E. 2d 33, 34 (1964). Plaintiff may not create genuine issues of fact in order to defeat summary judgment by filing affidavits which contradict the judicial admissions of its pleadings. *See Rollins v. Miller Roofing Co.*, 55 N.C. App. 158, 284 S.E. 2d 697 (1981). Summary judgment was appropriately entered for defendants.

Affirmed.

Judges ARNOLD and PARKER concur.