FIELDCREST CANNON EMPLOYEES CREDIT UNION, PLAINTIFF v. KATHY M. MABES, DEFENDANT

No. 9317DC244

(Filed 6 September 1994)

1. **Judgments § 157 (NCI4th)— late answer—motion for default after answer—no prejudice from late answer— default judgment reversed**

   A default judgment was reversed and the matter remanded where plaintiff filed a complaint requesting a deficiency judgment on a repossessed car on 23 July 1991; defendant requested and was given an enlargement of time to answer to 25 September 1991; the answer and counterclaim were not filed until 30 September 1991; plaintiff filed a motion to strike the answer and counterclaim and for entry of default judgment on 11 August 1992; defendant's attorney filed an affidavit in opposition to plaintiff's motion for default stating that he had typed the document into his word processor and believed that it had been filed before he left town for a week, and was surprised to discover that the answer had not been served; and the trial court determined that the failure to file was not the result of excusable neglect and granted plaintiff's motion to strike. Plaintiff lost its right to an entry of default by failing to take action until defendant's answer and counterclaim were filed and there was no prejudice from the late filing.

   **Am Jur 2d, Judgments § 1169.**

2. **Evidence and Witnesses § 2118 (NCI4th)— repossession of automobile—evidence of value—admissible**

   Evidence of the value of a repossessed car should have been admissible as a factor to be considered in determining if the sale of the automobile was in a commercially reasonable manner.

   **Am Jur 2d, Expert and Opinion Evidence §§ 317 et seq.**

Appeal by defendant from orders entered 31 August 1992 and 21 October 1992, by Judge Janeice B. Williams in Rockingham County District Court. Heard in the Court of Appeals 6 January 1994.

*C. Orville Light for defendant appellant.*

*No brief filed for plaintiff appellee.*

COZORT, Judge.

Plaintiff Fieldcrest Cannon Employees Credit Union repossessed and sold the car of defendant Kathy M. Mabes. Plaintiff filed a complaint asking for a deficiency judgment on 23 July 1991. Defendant filed a motion for enlargement of time to answer on 23 August 1991; the motion was granted that same day. On 30 September 1991, defendant filed an answer with a counterclaim demanding a jury trial. On 11 August 1992, plaintiff made a motion to strike defendant's answer and counterclaim. That same day, plaintiff filed a motion for entry of default judgment. On 31 August 1992, the trial court entered an order striking defendant's answer and counterclaim. A separate order was entered granting an entry of default and default judgment. Defendant appeals, arguing the trial court erred in granting plaintiff's motion to strike defendant's answer and counterclaim. We agree with defendant and reverse the trial court's order.

[1] In the case below, the defendant received an enlargement of time for which to file her answer extending the time to 25 September 1991. The answer and counterclaim were not filed until 30 September 1991, five days past the due date. Defendant's attorney filed an affidavit on 14 August 1992 in opposition to plaintiff's motion for the default judgment, stating that defendant had typed the document into his word processor and believed the answer had been filed before he left town for a week. He was surprised to discover the answer had not been served. Defendant did not file a motion alleging that failure to timely file the answer or otherwise plead was the result of excusable neglect. The trial court determined the failure to file was not the result of excusable neglect and granted plaintiff's motion to strike.

In *Newton v. Tull*, 75 N.C. App. 325, 328, 330 S.E.2d 664, 666 (1985), this Court determined the plaintiff had waived its rights to entry of default pursuant to N.C. Gen. Stat. § 1A-1, Rule 55(a), since plaintiff had waited until after the defendant had tardily filed an answer to make a motion for entry of default. The defendants in *Newton* sought, and were granted, an extension of time to file an

answer until 6 September. On 19 September, defendants filed an answer and counterclaim. Plaintiff had not moved for entry of default prior to the filing of the answer and counterclaim, but on 12 October, plaintiff moved that the answer be stricken because it was "untimely" filed. On 31 October, the defendants filed a motion for summary judgment. This Court held the plaintiff had waived the right to an entry of default by waiting until the answer had been filed before seeking to obtain an entry of default. "Default may not be entered after an answer has been filed, even if the answer is tardily filed." *Id.* at 328, 330 N.C. at 666 (citing *Peebles v. Moore*, 302 N.C. 351, 275 S.E.2d 883 (1981)).

Our decision reversing the trial court's order is supported by *Peebles v. Moore*, 302 N.C. 351, 275 S.E.2d 883 (1981). In *Peebles*, the North Carolina Supreme Court stated:

> The portion of G.S. 1A-1, Rule 55, applicable to the facts of the case before us, requires a clerk to make an entry of default "when a party . . . has failed to plead . . . ." When a party has answered, it cannot be said that he "has failed to plead . . . ." We are unable to perceive anything in this language or in the language of the entire rule, G.S. 1A-1, Rule 55, which alters the established law that defaults may not be entered after answer has been filed, even though the answer be late.

> We believe that the better reasoned and more equitable result may be reached by adhering to the principle that a default should not be entered, even though technical default is clear, if justice may be served otherwise.

*Id.* at 356, 275 S.E.2d at 836 (citing McIntosh, North Carolina Practice and Procedure (1970, Phillips Supp.) § 1670; 3 Barron and Holtzoff, Federal Practice and Procedure (Wright ed., 1961) § 1216).

As in *Newton* and *Peebles*, we find the plaintiff lost its right to an entry of default, by failing to take action until defendant's answer and counterclaim were filed. Furthermore, we find no prejudice resulting from the late filing. As such, we find justice will be better served in this case by allowing the parties to fully litigate their claims. We therefore reverse the trial court's order and remand for a trial on the matter.

[2] Turning now to an issue which may arise on remand, we address whether the trial court erred in denying defendant the right to offer evidence as to the value of the repossessed car. The trial court

refused to allow defendant to put on any evidence as to the value of the car at the time of repossession. Defendant contends the price received for the collateral is a factor to be considered in determining if the sale of an item was in a commercially reasonable manner. We agree. At trial, the court should permit defendant the opportunity to present evidence of the value of the car at the time it was repossessed to aid in the determination of damages.

Reversed and remanded for trial.

Judges GREENE and WYNN concur.