KAREN CARPENTER, Plaintiff v. CHRISTOPHER SCOTT CARPENTER, Defendant

No. COA07-786

(Filed 15 April 2008)

### 1. Pleadings— motion to strike—absence of counsel—notice of hearing

The trial court did not abuse its discretion by hearing plaintiff's motion to strike defendant's answer and motion for judgment on the pleadings in the absence of defense counsel where defendant had adequate notice of the hearing.

### 2. Judges— comment on counsel's failure to appear—prejudice due to counsel's neglect

Defendant was not prejudiced in a hearing on plaintiff's motions to strike defendant's answer and for judgment on the pleadings where the judge said, "Why waste everybody's time" when plaintiff's counsel protested that he had not been able to argue. Defendant was prejudiced by his failure to appear in court, which was the result of his neglect, and whether the judge's comments violated the Code of Judicial Conduct is the province of the Judicial Standards Commission.

### 3. Pleadings— motion to strike—timeliness of answer

The trial court abused its discretion by striking defendant's answer because failure to timely file an answer is not grounds for striking a pleading under N.C.G.S. § 1A-1, Rule 12(f), and defendant's answer raised matters which could have a possible bearing on the litigation.

### 4. Pleadings— judgment on the pleadings—pleadings not closed

The trial court erred by granting plaintiff's motion for judgment on the pleadings where the motion was predicated on plaintiff's motion to strike defendant's answer, and that motion was improperly allowed. Judgment on the pleadings is not proper if the pleadings are not closed, and the pleadings here would not have been closed if the court had not stricken the answer.

Appeal by defendant from order entered 7 February 2007 by Judge Mary F. Covington in Davie County District Court. Heard in the Court of Appeals 9 January 2008.

*Law Office of E. Edward Vogler, Jr., P.A., by E. Edward Vogler, Jr. and Emily R. Hunter, for plaintiff-appellee.*

*Harrell Powell, Jr., for defendant-appellant.*

CALABRIA, Judge.

Christopher Scott Carpenter ("defendant") appeals an order granting Karen Carpenter's ("plaintiff") motion to strike defendant's answer and motion for judgment on the pleadings. We reverse.

Defendant and plaintiff were married on 30 April 1994. Two minor children were born of the marriage. The parties separated on 31 October 2005 and entered into a separation agreement and property settlement ("separation agreement") on 3 November 2005.

On 30 August 2006, plaintiff filed a verified complaint alleging breach of the separation agreement for defendant's failure to pay spousal support, child support, and other expenses defendant had agreed to pay. Plaintiff asked the court to order defendant to specifically perform under the separation agreement. Defendant was served with the complaint on 21 September 2006. Defendant timely filed for an extension of time and the trial court extended the time for defendant to file his answer through 20 November 2006.

By 1 December 2006, since defendant had not filed an answer, plaintiff filed a motion for judgment on the pleadings. The same day, plaintiff filed a notice of hearing for the motion for judgment on the pleadings for 18 December 2006 and mailed a copy to defendant. Defendant responded by filing an answer on 15 December 2006 that denied all material allegations in the complaint, raised several defenses, and asserted counterclaims against plaintiff for absolute divorce and a computation of child support according to the North Carolina Child Support Guidelines ("Answer").

On 20 December 2006, plaintiff filed a motion to strike defendant's Answer ("motion to strike"). The same day, plaintiff filed a notice of hearing for 8 January 2007. Upon defendant's motion, the hearing was continued to 5 February 2007. A notice of hearing on plaintiff's motion to strike was filed and served on 10 January 2007.

On 5 February 2007, Davie County District Court Judge Mary F. Covington ("Judge Covington") called the case for hearing. Plaintiff's counsel was present at calendar call. Defendant's counsel sent a fax to the court stating he would be present at 10:30 a.m. At 11 a.m., the

trial court heard the pending motions. Neither defendant nor his counsel were present. Judge Covington granted the motion to strike.

Judge Covington then heard plaintiff's motion for judgment on the pleadings. Plaintiff presented evidence to support her allegation that defendant did not pay child support and post-separation support. Judge Covington granted judgment on the pleadings for the plaintiff. At 11:56 a.m. the same morning, defendant filed an affidavit asserting he verified his answer in good faith and did not have an intention to delay the proceeding. An order granting plaintiff's motions was entered on 7 February 2007. Defendant appeals.

As a preliminary matter, we note that defendant did not include the standard of review in his brief, as required by the North Carolina Rules of Appellate Procedure. N.C.R. App. P. 28(b)(6) (2007). However, this rule violation does not merit sanctions. *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 192 N.C. ——, —— S.E.2d.——, (2008) (nonjurisdictional appellate rule violations that do not rise to the level of a substantial failure or gross violation do not merit sanctions).

## I. Standard of Review

"A motion to strike an answer is addressed to the sound discretion of the trial court and its ruling will not be disturbed absent an abuse of discretion." *Broughton v. McClatchy Newspapers, Inc.*, 161 N.C. App. 20, 25, 588 S.E.2d 20, 25 (2003) (citing *Byrd v. Mortenson*, 308 N.C. 536, 302 S.E.2d 809 (1983)).

This Court reviews a trial court's grant of a motion for judgment on the pleadings *de novo. Toomer v. Branch Banking & Tr. Co.*, 171 N.C. App. 58, 66, 614 S.E.2d 328, 335, *disc. rev. denied*, 360 N.C. 78, 623 S.E.2d 263 (2005). "Judgment on the pleadings, pursuant to Rule 12(c), is appropriate when all the material allegations of fact are admitted in the pleadings and only questions of law remain." *Groves v. Community Hous. Corp.*, 144 N.C. App. 79, 87, 548 S.E.2d 535, 540 (2001) (internal citations and quotations omitted). "Judgments on the pleadings are disfavored in law, and the trial court must view the facts and permissible inferences in the light most favorable to the non-moving party." *Id.* (citations omitted).

## II. The Hearing

[1] Defendant argues the trial court erred in hearing plaintiff's motion to strike and motion for judgment on the pleadings because

counsel was not present at the hearing, and the trial judge demonstrated bias in favor of the plaintiff. We disagree.

A trial court does not abuse its discretion in hearing a motion where counsel had adequate notice of the hearing and failed to demonstrate excusable neglect for failure to appear for the hearing. *Chris v. Hill*, 45 N.C. App. 287, 290-91, 262 S.E.2d 716, 718-19 (1980).

North Carolina Rules of Civil Procedure, Rule 6(d) requires written motions and "notice of the hearing thereof" to be served no later than five days before the time specified for the hearing. N.C.R. Civ. P. 6(d) (2007). Defendant had adequate notice of the hearing as evidenced by the calendar request and notice of hearing in the record. The written motion for the judgment on the pleadings was mailed to defendant along with a notice of hearing. The day of the hearing, defendant notified the trial court he would be present at 10:30 a.m. The trial court heard the motions after 11 a.m., after determining that defense counsel made no further contact with the trial court. We conclude the trial court did not abuse its discretion in hearing the motions. *See Texas Western Financial Corp. v. Mann*, 36 N.C. App. 346, 347, 243 S.E.2d 904, 906 (1978) (Parties who have been duly served with summons are required to give their defense that attention which a man of ordinary prudence usually gives his important business, and the failure to do so is not excusable).

[2] Defendant argues the trial judge's comments during the hearing were inappropriate and contrary to the Code of Judicial Conduct, Canon 3A(3), 2007 Ann. R. N.C. 445, requiring judges to be patient, dignified and courteous to litigants.

"More than a bare possibility of prejudice from a remark of the judge is required to overturn a verdict or a judgment." *Colonial Pipeline Co. v. Weaver*, 310 N.C. 93, 104, 310 S.E.2d 338, 344-45 (1984). Our Supreme Court recognizes that a judge's inappropriate comments in the presence of the jury impedes impartiality of the trial process, yet "it is incumbent upon the appellant" to show prejudice by these remarks. *Id.*, 310 N.C. at 103, 310 S.E.2d at 344; *Upchurch v. Funeral Home*, 263 N.C. 560, 568, 140 S.E.2d 17, 23 (1965); *State ex rel. Edmisten v. Tucker*, 312 N.C. 326, 341, 323 S.E.2d 294, 305 (1984).

Here, the trial judge ruled on plaintiff's motion for judgment on the pleadings in a non-jury proceeding. Defendant argues Judge Covington's comment, "why waste everyone's time," in responding to plaintiff's counsel's protest to the judge that he "did not get to argue,"

"establishes a predisposition and bias against Defendant's counsel" and such comments violate the Code of Judicial Conduct and "constitute conduct prejudicial to the administration of justice. . . ." Whether or not the judge's comments violated the Code of Judicial Conduct is the province of the Judicial Standards Commission. N.C. Gen. Stat. § 7A-374.1 (2007). Defendant was prejudiced by his failure to appear in court which was the result of his neglect. This assignment of error is overruled.

### III. Motion to Strike

**[3]** Rule 12(f) of the North Carolina Rules of Civil Procedure, allows the court to strike "from any pleading any insufficient defense or any redundant, irrelevant, immaterial, impertinent, or scandalous matter." N.C.R. Civ. P. 12(f) (2005). "A motion to strike an answer is addressed to the sound discretion of the trial court and its ruling will not be disturbed absent an abuse of discretion." *Broughton*, 161 N.C. App. at 25, 588 S.E.2d at 25 (citation omitted). "A motion under Rule 12(f) is a device to test the legal sufficiency of an affirmative defense." *Faulconer v. Wysong and Miles Co.*, 155 N.C. App. 598, 601, 574 S.E.2d 688, 691 (2002) (citing *Trust Co. v. Akelaitis*, 25 N.C. App. 522, 525, 214 S.E.2d 281, 284 (1975)). "Matter should not be stricken unless it has no possible bearing upon the litigation. If there is any question as to whether an issue may arise, the motion [to strike] should be denied." *Shellhorn v. Brad Ragan, Inc.*, 38 N.C. App. 310, 316, 248 S.E.2d 103, 108 (1978).

Defendant argues the trial court erred in granting the motion to strike because his answer was filed before the hearing on the motion to strike and motion for judgment on the pleadings. We agree that the trial court erred in granting plaintiff's motion to strike because failure to timely file an answer is not grounds for striking a pleading under Rule 12(f) and defendant's Answer raised matters which could have a possible bearing on the litigation.

It is error for a court to grant a motion to strike a pleading that was untimely filed in the absence of a showing that the pleading violates Rule 12(f). According to the plain language of North Carolina Rules of Civil Procedure, Rule 12(f), untimely filing is not grounds for striking a pleading. *See* N.C. Gen. Stat. § 1A-1, Rule 12(f) (2007) ("[T]he judge may order stricken from any pleading any insufficient defense or any redundant, irrelevant, immaterial, impertinent, or scandalous matter."). In *Joe Newton, Inc. v. Tull*, 75 N.C. App. 325, 330 S.E.2d 664 (1985), this Court addressed whether the trial court

should have granted a motion to strike an answer that was untimely filed. In that case, the plaintiff also moved for a default judgment after the answer had been filed, in part on the basis that the answer was untimely. The trial court granted summary judgment for defendants and plaintiff appealed. This Court concluded that even if the motion to strike were allowed, summary judgment for defendants would still be proper because there was an affirmative defense raised in the defendants' answer. Untimely filing did not preclude the sufficiency of the answer. *Id.*

Similarly in *Fieldcrest Cannon Employees Credit Union v. Mabes*, 116 N.C. App. 351, 447 S.E.2d 510 (1994), this Court reversed default judgment for plaintiff where the default judgment was entered after granting plaintiff's motion to strike the answer and counterclaim. Defendant obtained an extension of time to file his answer. Defendant filed his answer late and plaintiff moved to strike the answer and counterclaim and for an entry of default and default judgment. This Court concluded no prejudice resulted in the late filing and "that justice is better served by allowing the parties to fully litigate their claims." *Id.*, 116 N.C. App. at 353, 447 S.E.2d at 512.

In support of plaintiff's motion to strike, plaintiff contends defendant's failure to timely file his answer violated Rule 12(a) of the North Carolina Rules of Civil Procedure. Plaintiff cites *Fagan v. Hazzard*, 29 N.C. App. 618, 623, 225 S.E.2d 640, 643 (1976) in support of her argument.

In *Fagan*, defendant assigned error to the trial court's finding that defendant did not show excusable neglect to support filing his untimely answer. After defendant filed a late answer, plaintiff moved to strike the answer. "Based upon the findings, the [trial] court concluded that '(n)o excusable neglect (had) been shown by the defendant in failing to timely file [an] answer to the complaint and entered an order striking the answer and counterclaim and denying defendant's motion for leave to file an answer and counterclaim.[']" *Id.* This Court applied North Carolina Rule of Civil Procedure Rule 6(b) and determined the trial court's finding that defendant failed to show excusable neglect in filing an untimely answer was supported by the record. *Id.* Under Rule 6(b) of the North Carolina Rules of Civil Procedure, the trial court in its discretion, for cause shown, may extend the time period for a response to a pleading, if the request is made before the time has expired. N.C.R. Civ. P. 6(b) (2007). If time has expired, the trial court may allow an action "where the failure to act was the result of excusable neglect." Id.

The relevant issue in *Fagan* was whether the trial court erred in finding a lack of excusable neglect. The *Fagan* court did not address whether an untimely filing is sufficient grounds for a court to strike an answer under Rule 12(f). Here, as in *Fieldcrest Cannon*, defendant filed his answer after he received an extension of time, and plaintiff moved to strike the answer as untimely. The motion to strike was improperly granted because untimely filing is not one of the grounds to strike a pleading under Rule 12(f) and "justice is better served by allowing the parties to fully litigate their claims." *Fieldcrest Cannon*, 116 N.C. App. at 353, 447 S.E.2d at 512.

More importantly, defendant's Answer raised seven defenses and two counterclaims. Pleadings should not be stricken unless the matter cannot have any possible bearing on the litigation. *Shellhorn*, *supra*. Defendant raised several defenses to plaintiff's breach of contract claim. Some of the defenses included that the separation agreement was not supported by consideration; that vital and relevant information was concealed from him; that the terms of the separation agreement are substantively and procedurally unconscionable; and that enforcement of the separation agreement was contingent upon defendant's employment. In addition, defendant counterclaimed for absolute divorce and calculation of child support and the defenses and counterclaims could have a possible bearing on the litigation. *See Harrington v. Harrington*, 286 N.C. 260, 210 S.E.2d 190 (1974) (order granting wife's motion to strike husband's affirmative defenses to a divorce proceeding is reversed because defenses could defeat divorce action based on separation). We conclude the trial court abused its discretion in striking defendant's Answer.

## IV. Motion for Judgment on the Pleadings

[4] Next we examine the issue of whether the trial court erred in granting plaintiff's motion for judgment on the pleadings.

North Carolina Rule of Civil Procedure, Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A motion for judgment on the pleadings should not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. *Toomer*, 171 N.C. App. at 66, 614 S.E.2d at 334 (quotation omitted). "Since a judgment on the pleadings is a summary procedure with the decision being final, these motions must be carefully examined to ensure that the non-moving party is not prevented from receiving a

full and fair hearing on the merits." *Garrett v. Winfree*, 120 N.C. App. 689, 691, 463 S.E.2d 411, 413 (1995) (citation omitted). Judgment on the pleadings is not favored by law and the trial court is required to view the facts and permissible inferences in the light most favorable to the nonmovant. *Flexolite Electrical v. Gilliam*, 55 N.C. App. 86, 284 S.E.2d 523 (1981).

In *Yancey v. Watkins*, 12 N.C. App. 140, 141, 182 S.E.2d 605, 606 (1971), defendants moved for a judgment on the pleadings after plaintiff filed an amended complaint, but before defendants filed their amended answer. This Court vacated the trial court's grant of defendants' motion for judgment on the pleadings because it determined the pleadings were not closed. *Id.*

Here, plaintiff's motion for judgment on the pleadings was predicated on her motion to strike defendant's Answer. If the trial court had not stricken the Answer, the pleadings would not have been closed. Judgment on the pleadings is improper if the pleadings are not closed. Since we conclude the trial court improperly struck defendant's Answer, the trial court's allowance of plaintiff's motion for judgment on the pleadings also was error. We reverse and remand for a hearing on the merits.

Reversed and remanded.

Judges HUNTER and STROUD concur.