HARRY W. BARNES v. CAMPBELL CHAIN COMPANY, INC., LOOS AND COMPANY, AND WEST DURHAM LUMBER COMPANY

No. 7914SC1005

(Filed 1 July 1980)

**Partnership § 7– item purchased by partnership – breach of warranty – injury to partner – suit by individual partner proper**

   An individual partner may sue to recover damages for his personal injuries which proximately result from the breach of warranty on goods purchased by the partnership with partnership funds.

APPEAL by plaintiff from *Herring (D. B.), Judge.* Judgment entered 27 August 1979 in Superior Court, DURHAM County. Heard in the Court of Appeals 17 April 1980.

Plaintiff, Harry W. Barnes, alleged in his complaint that on 8 July 1976 he was a partner in a partnership trading as Barnes Roofing Company, which partnership purchased a length of vinyl encased cable and a clamp from defendant West Durham Lumber Company and that on 13 July 1974 the length of the aforesaid cable, while being used in the partnership business of Barnes Roofing Company, broke at the point of contact between said clamp and said cable, and that as a consequence, the cable struck and caused injury to plaintiff's eye. The depositions of plaintiff's brother and partner indicate that plaintiff sought relief against defendant West Durham Lumber Company for breach of implied and express warranties. After considering

affidavits and interrogatories, the trial court dismissed plaintiff's claims against defendant West Durham Lumber Company. Plaintiff appeals from this judgment.

Other necessary facts will be stated in the opinion.

*Spears, Barnes, Baker & Hoof by Alexander H. Barnes for plaintiff appellant.*

*Maupin, Taylor & Ellis by Armistead, J. Maupin for defendant appellee.*

CLARK, Judge.

The primary question in this case is one of first impression in this jurisdiction: Whether an individual partner can sue to recover damages for his personal injuries which proximately result from the breach of warranty on a good purchased by the partnership with partnership funds? We now answer "yes" to this question.

The defendant argues that a partnership is a separate legal entity and that only the partnership may sue in an action arising out of partnership property purchased with partnership funds. This argument does not accurately state the law. In *Threadgill v. Faust,* 213 N.C. 226, 230, 195 S.E. 798, 800 (1938), quoted in defendant's brief, our Supreme Court stated that the "general rule in this jurisdiction is that one partner may not sue in his name, alone, and for his own benefit, upon a cause of action *accruing* to the partnership . . . ." (Emphasis supplied). The crucial distinction in the case *sub judice* is that the partner's personal injury action is not one accruing to the partnership. 60 Am. Jur. 2d *Partnership* § 327 (1972). This is not a suit for recovery of or payment for partnership property, it is a personal injury arising out of the sale of property, and the individual partner, not the partnership was injured. Moreover, while we have not found a similar case in this State, we note that several other states have refused to allow a partnership to bring suit for damages for negligent or unintentional injury to one of its partners. *Id.;* Annot., 36 A.L.R. 3d 1375 (1971). Nor would it be wise public policy to allow all the partners to recover

for a personal injury which is suffered by a single partner. Barring some possible exceptions for intentional torts, if anyone can properly sue to recover for personal injury to the partner, it must be the individual partner who is personally injured and not the partnership.

Defendant argues, however, that there is no privity between the defendant-seller and plaintiff since it was the partnership and not the plaintiff which purchased the cable and clamp. We do not agree. It is fundamental that all partners are agents of each other, that a contract entered into by the agent is a contract entered into by the principal and that all partners are liable on any contract executed by a single partner in the name of the partnership. N.C. Gen. Stat. §§ 59-39, 59-45; 10 Strong's N.C. Index 3d *Partnership* § 4 (1977). If a partner may be sued for nonpayment or other breach of the contract, he certainly is privy to the contract.

Defendant next contends that, because of N.C. Gen. Stat. 25-2-318, an employee of the purchaser is barred from suing the seller of a good for breach of warranty, and that, as a consequence, the partner in this case similarly has no horizontal privity and cannot reach the seller in a warranty suit. Again, this argument fails to recognize the fundamental nature of a partnership: the partner is not an employee of the entity; rather, the partner is a tenant in partnership in the entity itself, and as such, the partner is a purchaser, not an employee of the purchaser. The partner here has direct contractual privity.

The judgment by the court below recited that lack of contractual privity was the basis for dismissing plaintiff's claim against defendant West Durham Lumber Company. That judgment is now reversed. Whether the pleadings and depositions indicate that an express or implied warranty was created is not before us at this time.

Reversed.

Judges VAUGHN and MARTIN (Harry C.) concur.