JUDITH E. HARTWELL, Plaintiff v. ROBERT G. MAHAN, M.D., Defendant

No. COA02-130

(Filed 5 November 2002)

1. **Judgments— default—summary judgment on affirmative defenses improper**

    The trial court erred in an action for wrongful termination, defamation, libel and slander, and intentional infliction of emotional distress by granting summary judgment in favor of defendant doctor on affirmative defenses after plaintiff obtained an entry of default under N.C.G.S. § 1A-1, Rule 55 against defendant, and the case is remanded for a determination of damages because where an entry of default has not been set aside and the complaint is sufficient to state a claim, the defendant in default may not defend its merits by asserting affirmative defenses in a motion for summary judgment.

2. **Judgments— default—Frow principle—no entitlement to summary judgment on joint and several liability**

    The trial court erred in an action for wrongful termination, defamation, libel and slander, and intentional infliction of emotional distress by granting summary judgment in favor of defendant doctor after plaintiff obtained an entry of default under N.C.G.S. § 1A-1, Rule 55 against defendant, and the case is re-

manded for a determination of damages even though defendant contends he is entitled to summary judgment based on the complaint only outlining joint claims for relief and the fact that the other codefendants were dismissed from this action on summary judgment, because the Frow principle is inapplicable when defendants are jointly and severally liable.

Appeal by plaintiff from judgment entered 28 September 2001 by Judge Clarence E. Horton, Jr., in Davidson County Superior Court. Heard in the Court of Appeals 9 October 2002.

*Shelley Blum, for plaintiff-appellant.*

*Kluttz, Reamer, Blankenship, Hayes & Randolph, L.L.P., by Richard R. Reamer and E. Blake Evans, for defendant-appellee.*

TYSON, Judge.

## I. Facts

On 6 June 1995, plaintiff filed a complaint against Davidson County, Lexington Memorial Hospital ("hospital"), and Robert G. Mahan, M.D. ("defendant") alleging wrongful termination, defamation, libel and slander, and intentional infliction of emotional distress. Summary judgment was granted in favor of Davidson County and the hospital. On 12 July 1995, plaintiff obtained an entry of default against defendant following defendant's failure to timely file a response to plaintiff's complaint. On 25 October 1995, the trial court denied defendant's motion to set aside the entry of default. Defendant appealed. This Court dismissed the appeal as premature in COA96-36, an unpublished opinion filed on 3 October 1996.

In April of 1998, defendant moved for dismissal pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure which the trial court granted. This Court affirmed the dismissal in an unpublished opinion filed on 17 August 1999, COA98-890, with Judge Ralph A. Walker dissenting. In his dissent, Judge Walker stated:

These allegations are sufficient based on the required liberal interpretation of pleadings to assert a claim for slander *per se* under the category of impeaching plaintiff's trade or profession. . . . [P]laintiff has made an adequate claim for intentional infliction of emotional distress. . . . These allegations in plaintiff's complaint adequately establish aggravating factors sufficient to set out a claim for punitive damages.

**HARTWELL v. MAHAN**

[153 N.C. App. 788 (2002)]

I note that over four years have passed since plaintiff filed her complaint and obtained a default judgment against the defendant. I conclude that the allegations in plaintiff's complaint are "sufficient to state a claim for relief." Just as the Court in *Hunter v. Spauling*, 97 N.C. App. 372, 388 S.E.2d 630 (1990), held that the plaintiffs' complaint contained the necessary elements to establish their claim so that they were entitled to a default judgment, likewise, here the trial court properly determined that plaintiff's complaint set forth claims with such sufficiency that she was entitled to a default judgment. The plaintiff should have "her day in court."

On 3 March 2000, the Supreme Court adopted Judge Walker's dissent and reversed the dismissal. *Hartwell v. Mahan*, 351 N.C. 345, 525 S.E.2d 171 (2000). On remand to the trial court, defendant filed a motion for summary judgment based on several affirmative defenses. The trial court granted defendant's motion for summary judgment. Plaintiff appeals. We reverse the order of the trial court and remand for a determination of damages.

## II. Issue

Plaintiff contends that the trial court erred in granting summary judgment in favor of defendant.

## III. Default

### A. No Answer Filed

"When a party against whom a judgment for affirmative relief is sought has failed to plead . . . and that fact is made to appear by affidavit, motion of attorney for the plaintiff, or otherwise, the clerk shall enter his default." N.C. Gen. Stat. § 1A-1, Rule 55(a) (2001). "For good cause shown," a judge may set aside an entry of default or a judgment by default in accordance with Rule 60(b). N.C. Gen. Stat. § 1A-1, Rule 55(d). An entry of default remains in effect until properly set aside. *Id.*

Once an entry of default is filed, plaintiff may obtain judgment either by the clerk, when a sum is certain, or by the judge. N.C. Gen. Stat. § 1A-1, Rule 55(b). To determine the damages, the judge may hold a hearing on that issue. N.C. Gen. Stat. § 1A-1, Rule 55(b)(2)a.

When an entry of default is made and the allegations of the complaint are sufficient to state a claim, "the defendant has no further standing to contest the merits of plaintiff's right to recover. His only

recourse is to show good cause for setting aside the default and, failing that, to contest the amount of the recovery." *Spartan Leasing v. Pollard*, 101 N.C. App. 450, 460, 400 S.E.2d 476, 482 (1991) (quoting *Acceptance Corp. v. Samuels*, 11 N.C. App. 504, 509-10, 181 S.E.2d 794, 798 (1971)). "The effect of an entry of default is that the defendant against whom entry of default is made is deemed to have admitted the allegations in plaintiff's complaint, and is prohibited from defending on the merits of the case." *Id.* (citing *Bell v. Martin*, 299 N.C. 715, 264 S.E.2d 101 (1980)).

Here, plaintiff obtained an entry of default which was not set aside after motion therefore was heard and denied by the superior court. Our Supreme Court held that the complaint was sufficient to state a claim for relief against defendant. *Hartwell, supra.* The trial court noted that it based its granting of summary judgment on the case of *Joe Newton, Inc. v. Tull*, 75 N.C. App. 325, 330 S.E.2d 664 (1985). Defendant contends that *Newton* holds that "a defendant is entitled to proceed with summary judgment motion even if default has been entered against him." This assertion misreads *Newton*.

In *Newton*, the defendants filed an untimely answer with the trial court. *Newton*, 75 N.C. App. at 307, 330 S.E.2d at 666. The plaintiff never sought an entry of default and no entry of default was ever entered against the defendants. *Id.* The plaintiff moved to strike the answer and counterclaim for untimeliness. *Id.* The trial court held that "[b]y waiting until answer had been filed before seeking to obtain entry of default, plaintiff waived its rights to entry of default pursuant to G.S. 1-1A, Rule 55(a). Default may not be entered after an answer has been filed, even if the answer is tardily filed." *Id.* at 328, 330 S.E.2d at 666. We held that the plaintiff could not receive an entry of default against the defendants. *Id.* In the present case, an entry of default is entered and a motion to set aside the default has been denied. No answer or motion for summary judgment was filed prior to the entry of default.

## B. Summary judgment on Affirmative defenses

[1] The Court in *Newton* also stated "even if plaintiff's motion to strike the answer had been ruled upon and allowed before the trial court considered the motion for summary judgment, defendants would, nonetheless, have been entitled to proceed with their summary judgment motion." *Id.* Defendant contends that this language means that a defendant in default is entitled to proceed to summary judgment on affirmative defenses. We disagree.

**HARTWELL v. MAHAN**

[153 N.C. App. 788 (2002)]

In *Newton*, the question before this Court was whether the trial court erred in not addressing the motion to strike the answer and counterclaim before it granted the motion for summary judgment. *Id.* The Court stated that even if the motion to strike had been heard and granted, summary judgment could still be considered because affirmative defenses may be raised for the first time on summary judgment before a party files an answer. *Id.* at 328, 330 S.E.2d at 667. *Newton*'s holding arose where default had *not* been entered against the defendant. *Newton* did *not* address whether affirmative defenses could be raised on summary judgment after entry of default. We hold that where an entry of default has not been set aside and the complaint is sufficient to state a claim, the defendant in default may not defend its merits by asserting affirmative defenses in a motion for summary judgment.

### C. Joint and Several Liability

**[2]** Defendant also contends that he is entitled to summary judgment because "the Complaint only outlined 'joint' claims for relief against two (2) or more of the original three (3) co-defendants, and the other co-defendants were dismissed from this action on summary judgment." Defendant asserts that "[t]he Plaintiff-Appellant's Complaint clearly alleges only joint liability against the Defendant-Appellee and the other co-defendants, even referring to their 'conspiracy' against her."

Defendant relies on *Leonard v. Pugh*, 86 N.C. App. 207, 356 S.E.2d 812 (1987) which held:

> Where a complaint alleges a joint claim against more than one defendant, default judgment pursuant to G.S. 1A-1, Rule 55 should not be entered against a defaulting defendant until all defendants have defaulted; or if one or more do not default, then, generally, entry of default judgment should await an adjudication as to the liability of the non-defaulting defendants. If joint liability is decided against the defending party in favor of the plaintiff, the plaintiff is entitled to judgment against all defendants. If, however, joint liability is decided against the plaintiff, the complaint should be dismissed as to all defendants.

86 N.C. App. at 210-11, 356 S.E.2d at 815 (citations omitted). This principle was enunciated by the United States Supreme Court in *Frow v. De La Vega*, 82 U.S. 552, 21 L. Ed. 60 (1872). The North Carolina Supreme Court held the *Frow* principle inapplicable when

the defendants are jointly and severally liable. *Harlow v. Voyager Communications V*, 348 N.C. 568, 571-73, 501 S.E.2d 72, 74-75 (1998).

Here, plaintiff alleges "[d]efendant Mahan and defendant Hospital, through various of the latter's agents, entered into a civil conspiracy to and did unlawfully libel and slander plaintiff and abridge her freedom of speech by creating a false and defamatory version of events. . . ." "When a cause of action lies for injury resulting from a conspiracy, 'all of the conspirators are liable, jointly and severally, for the act of any one of them done in furtherance of the agreement." *State ex rel. Long v. Petree Stockton, L.L.P.*, 129 N.C. App. 432, 447, 499 S.E.2d 790, 799 (1998) (*quoting Fox v. Wilson*, 85 N.C. App. 292, 301, 354 S.E.2d 737, 743 (1987)).

At bar, the *Frow* principle is inapplicable. *Harlow*, 348 N.C. at 573, 501 S.E.2d at 75. Plaintiff alleges defendant and the other co-defendants are jointly and severally liable for damages.

### III. Conclusion

The trial court erred in granting summary judgment in favor of defendant. We reverse and remand to the trial court for a determination of plaintiff's damages.

Reversed and remanded.

Judges McCULLOUGH and BRYANT concur.