LEVINSON, Judge.
Plaintiff (Judith Hartwell) appeals from judgment awarding her $1500.00 in compensatory damages and $100.00 in punitive damages. For the reasons that follow, we reverse and remand.
The relevant factual and procedural history of this case is as follows: Beginning in March of 1990, plaintiff was employed as a full-time emergency medical technician (EMT) paramedic for Davidson County Emergency Medical Services. When she was terminated on 7 June 1994, plaintiff was earning in excess of $22,000 per year. On 6 June 1995 plaintiff filed suit against defendant (Robert G. Mahan, M.D.), seeking compensatory and punitive damages for intentional and negligent infliction of emotional distress, defamation, and slander per se. Briefly summarized, plaintiff's complaint alleged that: she had reported to her supervisor certain information concerning defendant's treatment of a patient who had died while in defendant's care; defendant desired to avoid a medical malpractice lawsuit by the patient's family; for this reason, defendant intentionally made false and defamatory statements about plaintiff to her supervisor, in order to undermine plaintiff's credibility; and as a result of defendant's slander, plaintiff was fired from her job, was unable to find other employment as an EMT, and suffered severe emotional distress. Additional factual details about this case are set out in this Court's opinion in Hartwell v. Mahan, 153 N.C. App. 788, 571 S.E.2d 252 (2002).
On 12 July 1995 plaintiff obtained an entry of default against defendant for his failure to timely file an answer to plaintiff's complaint. Defendant's motion to set aside the entry of default was denied on 25 October 1995; he appealed to this Court, which dismissed his appeal as interlocutory. Defendant then obtained a dismissal of plaintiff's claims pursuant to N.C.G.S. § 1A-1, Rule 12 (2003). Plaintiff appealed, and on 17 August 1999 this Court affirmed the trial court's dismissal of plaintiff's claims, with a dissent by the Honorable Ralph A. Walker. In a 3 March 2000 opinion, the North Carolina Supreme Court reversed for the reasons stated in the dissent, and remanded plaintiff's case for trial on damages. On remand the trial court granted defendant's motion for summary judgment, which plaintiff appealed. On 5 November 2002 this Court in Hartwell v. Mahan, 153 N.C. App. 788, 571 S.E.2d 252 (2002), held that:
When an entry of default is made and the allegations of the complaint are sufficient to state a claim, `the defendant has no further standing to contest the merits of plaintiff's right to recover. His only recourse is to . . . contest the amount of the recovery.' `The effect of an entry of default is that the defendant against whom entry of default is made is deemed to have admitted the allegations in plaintiff's complaint, and is prohibited from defending on the merits of the case.'
Id. at 790-91, 571 S.E.2d at 253-54 (quoting Spartan Leasing v. Pollard, 101 N.C. App. 450, 460, 400 S.E.2d 476, 482 (1991)). The Court reversed the trial court's entry of summary judgment for defendant, and remanded "to the trial court for a determination of plaintiffs damages." Id. at 793, 571 S.E.2d at 255.
On remand, a bench trial was conducted on the sole issue of plaintiff's damages. After the presentation of evidence, the trial court entered an order awarding plaintiff $1500 in damages for slander and intentional infliction of emotional distress, and $100 in punitive damages. From this order plaintiff appeals.
Standard of Review
The dispositive issue in this case is the adequacy of the trial court's findings of fact. N.C.G.S. § 1A-1, Rule 52(a)(1) (2003), provides that, following a bench trial, "the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." "The facts required to be found specially are those material and ultimate facts from which it can be determined whether the findingsare supported by the evidence and whether they support the conclusions of law reached." Quick v. Quick, 305 N.C. 446, 451, 290 S.E.2d 653, 657 (1982). "The purpose of the requirement that the court make findings of those specific facts which support its ultimate disposition of the case is to allow a reviewing court to determine . . . whether the judgment - and the legal conclusions which underlie it - represent a correct application of the law." Mann Contr'rs, Inc. v. Flair with Goldsmith Consultants-II, Inc., 135 N.C. App. 772, 775, 522 S.E.2d 118, 121 (1999) (citations omitted). Further:
In the absence of such findings, this Court has no means of determining whether the order is adequately supported by competent evidence . . . . It is not enough that there may be evidence in the record sufficient to support findings which could have been made. The trial court must itself determine what pertinent facts are actually established by the evidence before it[.]
Williams v. Burlington Industries, Inc., 318 N.C. 441, 446-47, 349 S.E.2d 842, 846 (1986) (quoting Coble v. Coble, 300 N.C. 708, 712-13, 268 S.E.2d 185, 189 (1980)). Thus, "where there is conflicting evidence, the failure of the trial court to make specific findings upon which to base its conclusions is reversible error." Mann Contr'rs, id.
In the instant case, plaintiff argues that the trial court erred by failing to enter findings of fact in support of its conclusions of law. After careful consideration, we must agree. At trial, testimony was elicited regarding plaintiff's personal history, work record, medical problems, salary history, prior emotional problems, and her employment after she was fired by Davidson County. Conflicting evidence was offered as to some of these issues. The trial court's order made generalized findings of fact on various aspects of plaintiff's background and on the case history. However, the findings of fact neither resolved factual conflicts in the evidence, nor stated the "ultimate facts" upon which the court's award was based. For example, the trial court made no findings of fact addressing, e.g.,: the dollar amount of plaintiff's lost wages; her entitlement to damages for lost wages; a determination of the period of time for which such damages might be owed; or the effect, if any, of plaintiff's prior emotional problems on her damages for intentional infliction of emotional distress. We conclude the trial court failed to enter the specific or ultimate findings required to (1) resolve evidentiary conflicts, (2) demonstrate the basis for its award, and (3) enable this Court to determine whether the trial court's award reflects a correct application of the law.
This Court is aware that after several previous appeals, the parties are eager to resolve this matter. However, in the absence of proper findings of fact, we are unable to conduct our review, and are regrettably constrained to reverse and remand. It is in the trial court's discretion whether to take additional evidence.
Reversed and remanded.
Judges McCULLOUGH and ELMORE concur.
Report per Rule 30(e).